Good morning. May it please the court, my name is David Porter. I'm an assistant federal defender and I represent the appellant Lothar Marshall Preston. The issue in this case, which has nothing to do with U.S. mails, is whether trial counsel Paul Comiskey was ineffective in advising Mr. Preston to withdraw his not guilty plea and to proceed solely on the plea of not guilty by reason of insanity. Before you get there, we have to get through the related back issue, and it seems to me that that's the trigger for consideration of the other arguments that you have here. I was just about to say that I would like to briefly address the statute of limitations issue before going on to the ineffective assistance of counsel. I think it's going to be a hard time doing it briefly, but go ahead. According to Rule 15C of the Rules of Federal Civil Procedure, a claim will relate back to the date of a timely filed claim if it arises from the same conduct, transaction, or occurrence. But we have a nice gloss on that that's pretty compelling, which is Felix v. Mayo or Mayo v. Felix, so how do we get around that? Well, that case describes what occurrence is, and in this case, the gloss that Mayo put on that is that it has to be tied to a common core of operative facts. That's one definition. Another definition is of nonrelatedness, that it must, if not related, if it arises both in different time and type. Yes, but you're interpreting this to mean time or type, I think, right? I'm just a little bit confused about your position. It seems to me that you're saying either one suffices. It's raised at the same time, whatever that means, that that's sufficient and it doesn't have to be then a common core of operative facts. It's an either-or proposition. Felix says both time and type. Well, Felix says time and type in a definition of nonrelatedness. That was the holding of the case. It doesn't relate back if it is different in time and type. Well, this is – And so – Okay, so if this – well, why don't you explain why this is the same? This arose at the same time on the morning, the very first morning of trial on July 24th, 1995. There was a withdrawal of the not guilty plea. You agree that that's not sufficient, that it's not sufficient that these circumstances arose at the same time, but they must also relate to a common core of operative facts. These are – I think those tests are getting at the same issue, whether it is the same occurrence or not. And in this case, I agree that they might not be the same type. One is an ineffective assistance of counsel claim. The other claim says that the trial court didn't advise him of all the rights he was waiving. But they did arise at the same time, and that is sufficient for the nonrelatedness test. They are – they arose at the same time, and therefore, they are in the same – they are in the same occurrence. The Ninth Circuit has not issued an opinion on Mail v. Felix, but Judge Block issued a thoughtful opinion in Ibushi v. United States in December of last year. And in that case, the defendant in a 2255 motion, filed a timely motion, had two claims of ineffective assistance of counsel. One said that counsel failed to attack various sentencing enhancements. The other said that he failed to raise an Apprendi v. New Jersey claim, that he was sentenced in excess of the statutory maximum. The new claim, after trial was – after counsel was appointed, was that he was sentenced in violation of Blakeley v. Washington and United States v. Booker. And Judge Block said that these claims, after Mail v. Felix, were related. They were – they related back because they all involved the court's sentencing issue. Well, I'm not so sure I had Felix in mind, but it's a terrific thing that you did this. But this wasn't a published opinion. The petition was denied in any event. Yes. But I don't remember whether we had Felix in our mind when we did that. It just doesn't seem to be apt. But I do commend your ethic, though. Well, actually, yes, Felix was decided. I know I was the counsel in Felix in June of last year, and in December of last year, you decided, Ibushi, and cited the Mail v. Felix case. But I think that the important point here is how fine are you going to cut the occurrence test? How fine are you going to say, does this happen at the same time? Is 10 minutes not enough? Is 20 minutes not enough? I think that was trying to push it into – in Felix's emails, as I recall, one was a pretrial issue and then the other came up during trial. That's correct, yes. So those were separate in time, agreeable. But the same time and type seems to me – if the Supreme Court wanted to say same type or time, same time or type, they could have said that, but they didn't. It has to be the same type and time and common core of events or operative facts. So the operative facts here – the claim that was made about the decision to forego was not of the same type, as you've said. So you're suggesting that all they wanted to do was to focus that – the circumstance of this pretrial motion, let us say, that even if it wasn't specifically raised, as long as they were talking about it at the same time, as long as it had to do with the plea situation or the charge – whatever decision was at issue there, even if you didn't make a claim about ineffective assistance of counsel and the claim of ineffective assistance of counsel now relates to a totally different aspect of the event, you're saying as long as it comes out of that, that's sufficient under Felix v. Mail? Yes. You said as long as it comes out of the same event. I think as long as it comes out of the same occurrence. That is Congress speaking. Same conduct, transaction, or occurrence. And here is definitely the same occurrence. It is the withdrawal of the not guilty plea. And I think the Court needs to look at that phrase in terms of what are the purposes of the statute of limitations. The purpose of the statute of limitations is to put Respondent on notice that there is a certain occurrence that is being challenged by the litigation. They are put on notice of that. They know that they have to amass their witnesses, collect their – Occurrence is the, in your view, is the withdrawal of the not guilty plea. Yes. And, I mean, presumably the decision to the lawyering involved in that didn't happen there in the courtroom as the guilty plea was being withdrawn. It happened sometime before when the lawyer, for good reason or bad, you know, did whatever thinking or research he was going to do and then conferred with his client and persuaded him to do this, to withdraw. So they're not necessarily, I mean, I'm not sure that they're exactly the same occurrence. It's not exactly the same time. It's not, I agree, it would maybe be in this case, it was certainly very close. It was about five minutes when he went into the hold. There was an evidentiary hearing. We did hear from both of the parties. And the lawyer went into the holding tank before court that very morning. And the first thing, and it was decided that he advised him about the plea very quickly. And then the withdrawal happened as soon as he got to the point. I don't think that really focuses on the question. I mean, I think it works this way. Assume that the lawyer's inappropriate arguable counsel happened a week before. They got the plea offer. They went over it. And it did not happen at or about the time that the plea was taken. Would that make a difference in your analysis? I'm sorry. I didn't understand the question. If the improper counsel, you know, that we're talking about, the ineffective counsel, happened a week or two before the actual plea was taken, and it was clear well in advance of the time that the plea was taken that the Petitioner was going to, you know, withdraw his plea, and would that have made a difference? In other words, are you telling me that it has to be tethered to a period of time at or about the time the plea was taken in order for this to meet the Felix standard? I think that would make it a closer case. But I think that you would have to go back to the purposes of the statute of limitation to say was there adequate notice to the respondent. And if that occurrence could be said to be the withdrawal of the plea, and usually the advice to withdraw the plea comes very quickly before the actual withdrawal. In this case, it was probably less than ten minutes. So the occurrence is the withdrawal of the plea. It doesn't matter what preceded that. Just at that moment that the plea was taken and the plea was withdrawn, that is the occurrence. It does not matter whether or not the issue was whether the court made a mistake or the court did not properly advise him or whether the lawyer did not properly advise him at any time prior thereto. As long as this was happening at the time of the plea withdrawal, that satisfies the occurrence standard under Felix. That's your position. I guess you could say that by standing there and not saying, Your Honor, no, no, this is a bad idea. I won't let my client do it. That's bad lawyering right there. In the middle of the plea, he's standing mute and letting his client. That would be your view. The conduct, the bad lawyer may have started before, but then by being in court and allowing him to go forward without objection, the lawyers continue the bad lawyering. That's certainly the case. Okay. So you've explained to us the coincidence of time, but then type. One is a failure of the attorney and the other is a failure of the court. He alleged the court failed to advise him at this event and granted that the attorney's advice carried into it because he was, you know, that advice was still operative. So it's still within that, but it's not of the same type. I think the confusion comes up with the statement of the principle in Felix. That it is a test for nonrelatedness. It is the holding of the case. And Felix said an amended habeas petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type. It's a converse of that. So I think the converse of that is that this is a disjunctive test. It's a conjunctive test. Unless both items are met, then it does relate back. And so because these are in the same time, they are of the same occurrence, and that is sufficient for Rule 15 because that's what the statute of limitations is aiming to do, is give the warden a notice of what occurrence are we dealing with here. And it's very clear in the Ninth Circuit cases that you can add new claims, different claims, fraud, negligent infliction of emotional distress, intentional infliction of emotional distress, very different types of legal claims. Kennedy. Appended to the same action. Here the action was the same occurrence. No. Okay. You may have represented counsel in Felix. I and our colleagues were on in various ways those issues many times. Yes. But we got reversed in Felix. So, you know, it was a new day in terms of trying to figure out what the Supreme Court meant. So what we may have said about allowing all sorts of relation back on different types of claims, Felix puts a different filter on it. I'm having trouble, given the citation of the cases that the court included in its opinion, that it thought got the rule right, different from us in the Seventh Circuit, that shifting from a judge's improper advice at the time to a different claim, which goes after the attorney's advice as to whether to change plea is problematical. I hear your argument. So that's helpful. Well, thank you. I think that the thing to focus on in Male v. Felix is that it didn't get rid of the preexisting law about relation back. In fact, it specifically said, noted the rules of habeas procedure that say the rules of civil procedure apply to the extent they're not inconsistent with these rules. And it the court, by majority, rejected my argument that under a reading of the civil rules in other cases, that would relate back. So they disagreed with that portion of my argument. But I think the court did say that, you know, we are supposed to apply the rules of civil procedure, and we do apply them in habeas, just as we do in other cases. So what do you mean by a common core of operative facts? You talk about the occurrence, you know, but is that not different than the concept of the common core of operative facts? Isn't that what we ultimately have to wrestle with here? Well, I think you ultimately have to wrestle with the words of Congress. This is not a court-created rule of relation back. It is a statutory rule. What does occurrence mean? Now, the Supreme Court has said in Mayo v. Felix, core of operative if the claims are tied to a common core of operative facts, that's how they get at what occurrence means. But I think the ultimate issue is what is occurrence. But where is the core of the common core of operative facts in this case? On the morning of trial, the first morning of trial at about 9 o'clock in the morning on July 24th, 1995, Mr. Preston withdrew his not guilty plea and proceeded on the plea of not guilty by reason of insanity alone. That's a fact that happened at that time, right? Based on the ineffective assistance of his trial counsel in not informing him of the correct law. Where is the common core that links that to the ineffective claim in terms of what the court said? All of those facts are the same facts until I got to the ineffective assistance part. At the, in other words, the initial claim was on the morning of the first, on the morning at 9 o'clock of the first day of trial, July 24th, 1995, Mr. Preston withdrew his not guilty plea. So you're saying at that point the occurrence was a series of attorney and judicial errors that grew out of that operative event, which was the change of plea? That's correct. That's the occurrence. And that's what we, that's what we should focus on, that's what the warden has been notified that we should focus on, is that withdrawal of the plea. Look, I'm sympathetic to the issue, quite frankly. I'm just having a hard time making that linkage here between what appears to me to be two disparate claims of ineffective assistance of counsel, although it happened perhaps arguably at the same time, and it was triggered at or about that time. I don't see the linkage here between the two claims. And it seems that we need something like that here. I'm asking you to supply that for me. I'm saying that the linkage is what happened. Judge Kaczynski talked in terms of a movie and seeing the movie in your mind. We could see very clearly what happened at that morning of trial when Mr. Kaczynski appeared with Mr. Kaminsky. You're suggesting if not for the ineffective scenario with the judge's charge, that perhaps the result would have been different in terms of his plea? Yes. That's some sort of a link there. Yes. It was all part of the gestalt, so to speak, that entered into his mental process. Yes. And it's so much different than the cases relied on by the respondent where one ineffective assistance of counsel claim is saying that you failed to file an appeal, and that doesn't relate back to a failure of the trial judge not warning the defendant when he takes the plea that there's a waiver of appeal. In the Campy case that I believe that they're going to cite to you, that happened at very different times. The taking of the plea early on in the case and after sentencing the defendant, the counsel not filing an appeal. Those are very two different times, and you can see very easily that that's a different occurrence. Here the occurrence is the withdrawal of the guilty plea, of the not guilty plea. I think we do understand your position at this point, and you far exceeded your time. I told you you wouldn't be able to get through that quickly. Well, your prediction was correct. I hope you will allow me a minute or two to talk about the merits of the case. We'll give you a minute to fill a bottle to use as you see fit. Good morning, Your Honors. My name is Tammy Warwick, and I'm the Deputy Attorney General representing the Respondent, Warden Harris. This court should revisit the issue of relation back because Mail v. Felix has already been discussed, has clearly set the rule here, and made it clear that new legal theories, which is exactly what occurred here. There was a due process claim based on the trial court's failure to advise the defendant of his right against self-incrimination and his right to confront witnesses, and the ineffective assistance of counsel claim that trial counsel failed to advise the defendant regarding the correct legal standards and that he shouldn't proceed with just the insanity defense. Very discrete events, and definitely occurred in different time, too, because the focus on the ineffective assistance of counsel claims, based on the evidence that was submitted, was all advice or lack of advice given prior to trial. But what do you do with the argument that another statutory command that we're dealing with here is the Federal rule that says that it has to arise out of the conduct, transaction, or occurrence set forth in the occurrence that took place was this withdrawal of the plea, of the not guilty plea. That was the operative event. And out of that event, errors emerged, one on the part of the attorney for getting him in that position in the first place, and in the trial judge ostensibly not having advised him of self-incrimination and confrontation. So it was an event that I think we all know often a change of plea spawns a lot of types of claims. There's no doubt about it. But the occurrence, which seemed to be of concern to the Supreme Court in Mayo, or Felix, was that it was taking something that had, because our rule had been as long as it happened in the trial, that was enough. And they said, no, no, no. It has to be at the same time to bring it back down to precise event. So if one gets back to the notion of notice to the state about where problems may lie, it doesn't seem far-fetched under normal relation back concepts to say, look, you know, you get a change of plea. There are lots of things that could go wrong in that. One of them he did identify, which was the trial judge errors. But then he looks back and realizes that none of this would have happened if my attorney had done the right thing. So how do we get around that? They are separate occurrences because the operative facts that are giving rise to the ineffective assistance of counsel claim is that the attorney didn't advise his client, when he sent him a letter, gave him the wrong instructions about the law and the legal requirements. And, frankly, the claim centers around the fact that he didn't advise him properly of what he was doing, that he was going to withdraw the insanity plea. So the actual act of withdrawing the plea wasn't the concern here. It resulted in that. So the lawyer is there in court, and he is giving advice. He can still stop it. He can still tell his client, no, don't do it, or he can object and say, you know, we've changed our mind. So it seems to me that if he gave bad legal advice and he made a judgment, an erroneous legal judgment, it continued until the judge accepted the change of plea. Up until that time, the lawyer can give the correct legal advice, which would in this case seem to me egregiously wrong advice to withdraw this. I mean, if he'd played a movie of mine where the associate comes in from the back of the courtroom and says, wait a minute, I just have this case that says if you withdraw this guilty plea, the not guilty plea, then you don't get a separate trial. So they explained to him what was going on. He said, Your Honor, I've changed my mind. He could have done it, right, until the point where the judge accepts the change of plea. The lawyer can change the advice and can stop the proceeding from going forward. Even under that theory, Your Honor, that the — it continued, that it's still separate from the fact that the trial court supposed — By the time, under that construct, which I think is right. I mean, I don't see how you can dispute that. At the very least, they are — they happen at the same time. One starts a little earlier than the other, but they all end exactly at the same point in time, and there's a much substantial temporal overlap. And that's precisely the reasoning that the Seventh Circuit in Elsie and this court had decided that claims relate back when they deal with the same trial and conviction because — They were not dealing with plea allocutions, I would think, if I recall correctly. Look, I guess there's a but-for type of perception here. If not for the fact that he decided to change his plea, there never would have been a plea allocution. There never would have been a proceeding at all. There never would have been any counsel by the court. So that would not have happened if not for the fact that he did decide that he was going to accept his lawyer's advice. That triggered anything that happened thereafter. It seems to me that there is that type of nexus here. Would you at least agree to that? But there's not — the rule isn't the but-for and a continuous and one result, because, again, that's precisely the reasoning that could relate many claims to a trial, and they could relate back because one event happens and it triggers another event. The test is the same operative facts. And the operative facts here that gave rise to the due process claim regarding the trial court was that the trial court didn't advise the defendant of his right against self-incrimination and to confront witnesses. Maybe if the trial court did do that, he would at that time have said, wait a second, I'm not going to necessarily comply with my lawyer's advice. I did not realize I had those rights. And that puts a different coloration to all of my thought process. Isn't there that type of a connection? I'm sorry. The type of the connection for the defendant or — Yeah, that the defendant, listening to the judge giving him advice, and the judge not counseling him correctly about his rights. Maybe if the judge had counseled him correctly about his rights and told him he had the right of confrontation, he may have said, wait, I have that right. I didn't realize it. I'm not going to necessarily agree with my lawyer's advice that I should, you know, change my plea. Isn't that the whole purpose of that proceeding, to make sure that the defendant understands his rights so he can make a reasoned decision whether or not to plead guilty? Well, that goes to the claim that they had raised regarding the due process and whether or not he had an informed plea. But that's separate to the issue of whether the claims relate back because they arise from the same operative facts. And here we have two separate legal theories. Let me ask it this way. Would your position be different in this case if the claim trying to be asserted was that the trial judge, who himself recognized that this was an extremely unusual event, committed plain error by not raising and questioning the petitioner here, so that all they were trying to do was assert another failure of the trial judge to advise claim? Would that relate back? I believe that would be a much closer case, and depending on if the facts were to where it gave notice of the trial court's error. Because, again, when you go back to the issue of notice and the whole purpose of relation back, as counsel had stated, you're not on notice of a claim that's a separate claim, a due process claim against the trial court versus an ineffective assistance of counsel claim. Whereas if you have claims that are all relate to a trial court's errors at the time of advisement, that may very well relate back. And the First Circuit, in a case that opposing counsel mentioned, I brought to his attention recently, is that First Circuit case, which is directly on point here, the Campy case, talked about the issue of when there was an alleged failure of counsel to advise regarding a plea, and then also the trial court not making the proper inquiry into the plea. And the counsel there tried to argue that it all related to the rights of appeal that were being waived, and that was rejected under Mayo v. Felix because of the very fact that it was separate legal theories and not arising from the same operative facts. So in that regard, it's very similar to this in where it was all relating to a plea, and even there seemed to be a closer fit because it was about the waiver of appellate rights, whereas here we have different issues of whether the trial court informed him of certain rights he had at trial versus the trial counsel informing him that he shouldn't have proceeded on this insanity defense because of the facts of the case and because he didn't inform him of what the consequences were. Very separate occurrences, and therefore the claims shouldn't relate back. And unless the Court has further questions or would like me to address the merits, Respondent Wilson. Do you think, Preston, there's any remedy whatsoever if we strictly apply Felix here and do not reach the merits? I mean, I assume that this issue could have been raised by appellate counsel way back when. Apparently it wasn't. Felix didn't have any awareness of what was going on. He thought he was given competent advice by his attorney. Where is he now? He goes to jail for a long, long time. Arguably, I think you would concede that there's some issue on the merits here. That's of some concern. Or maybe you don't concede that. Well, I don't concede that the claim has merit. But the statute of limitations, that's a rigid rule, and you can't get around that. He's done nothing particularly wrong except that when the judge picked up the habeas petition, if the judge would have gotten it right away and assigned counsel, the assigned counsel at that time would have possibly realized what was too late thereafter. I mean, it may just be an unfortunate set of circumstances. I know that, you know, I try to get on top of my habeas petitions to see whether there's anything in there that requires assignment of counsel. And obviously this case was one that did require assignment of counsel, and that's really what triggered the issue here. But I guess your position is that it doesn't matter, you know, if the court doesn't get around to doing this in a more diligent fashion or the circumstances are such that the person is out of luck completely, even if he has a meritorious defense, right? That's correct. Pretty harsh conclusion here, isn't it? There's no exception under the tolling rules for the discovery of claims. There is for discovery of facts. If it's a pro se person, he has no particular constitutional rights. He's just out of luck. And just that's the way life is, right? Well, in this case, looking at his pro se petitions, I wouldn't say that he didn't know exactly what he was doing. He raised a number of claims. He thought his counsel was given the proper advice. It wasn't until a lawyer was assigned by the district court that the lawyer realized that this was ridiculous. Anyway. Thank you. Mr. Porter, we'll give you a couple of minutes for rebuttal. In the Campy case that was cited by the First Circuit case cited by Respondent, on page 22 of that decision. What's that? Page 22 of that decision, the court makes it clear that the claims were totally different time in the litigation. One, the claim against the trial court was during the plea and failure to advise about the waiver of appeal. The ineffective assistance of counsel claim was failing to file the appeal after sentencing. We're talking about a very, very different. We're going to say something on the merits. Yes. On the merits, I think the most important thing the Court should focus on was the failure of the district court in this case to use the right prejudice standard. The correct prejudice standard when it involves failure to adequately advise on plea. Or that he would have changed his mind about the plea. That's right. And not what the district court said at excerpts of record tab 7 at page 10, whether the result of the trial, whether there was a reasonable probability of success at the trial. That is not the issue under Supreme Court authority, under authority of this court. The important thing is that he was deprived of his opportunity for the judicial proceeding that he had a right to. Not whether he would have had a chance of success on the merits at the trial. Although we believe because of the 2.214 blood alcohol level after four hours that he did have a very good chance. Let me again. I may have missed it to begin with. Yes. My apologies. How do you distinguish the First Circuit's decision in Campi? In Campi, the original claim was the failure of the district court to advise the defendant that in the plea agreement, in the written plea agreement, there was a waiver of appeal provision. Right. The amended claim was ineffective assistance of counsel for having failed to file an appeal. That latter claim happens after the sentencing. You can't appeal before the sentencing. It happens way down the road. By comparison, in this case, everything was happening at the time that the plea was being taken. The gestalt, as you say. Yes. It's the gestalt theory. Yes. Okay. Thank you very much. Thank you. Case is argued. Sensible evidence.
judges: Kozinski, Fisher, Block